Stephen M. Doniger, Esq. (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs, Esq. (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SCHMIDT, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>SHERRI ANND BALDY, individually, and doing business as "Scrapbook Stamp Society," "Mybestiesshop.com," and "etsy.com/shop/SherriBaldy"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. COPYRIGHT INFRINGEMENT;<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND<br>3. VIOLATION OF THE DMCA<br><br>Jury Trial Demanded |

Plaintiff, by and through their undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

1
COMPLAINT

# JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. THOMAS SCHMIDT ("SCHMIDT") is an individual residing in the United States.

5. SHERI ANN BALDY, individually, and doing business as "Scrapbook Stamp Society," "Mybestiesshop.com," and "etsy.com/shop/SherriBaldy" (collectively "BALDY") is an individual residing in the United States;

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted,

or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT WORKS

8. SCHMIDT claims exclusive rights in a series of works of art, certain of which are set forth in the left column of **Exhibit A**, which is hereby incorporated as if set forth in full. These works will be referred to as the "Subject Works." Mr. Schmidt is an owner of Lacy Sunshine Stamps, a renowned scrapbooking retailer that prides itself on its independently created designs.

9. The Subject Works have been submitted for registration with the United States Copyright Office.

10. Plaintiff is informed and believes and thereon alleges that Defendants accessed the Subject Works, and other works for which Plaintiff claims exclusive rights, and then exploited them without the authorization of Plaintiff. On information and belief, Plaintiffs allege that Defendants, and each of them, exploited the Subject Works by incorporating same into books and other products, and then advertised and sold, both online and in stores, said product to consumers ("Accused Product"). A non-inclusive exemplar of the Accused Product as sold by Defendants, and each of them, is displayed in the right column of **Exhibit A** alongside that of the Subject Works that was unlawfully exploited by Defendants, and each of them. This exemplar is not meant to encompass all Accused Products; the claims made herein are as to any publication, sale, distribution, monetization, or other use by Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Subject Works or works in which Plaintiff claims exclusive ownership.

11. A comparison of the Subject Works with the Accused Product reveals that the elements, composition, colors, arrangement, subject, motifs, renderings, and overall appearance of the works are identical or at least substantially similar.

12. Plaintiff at no point authorized Defendants, or any of them, to use the Subject Works as complained of herein. Plaintiff sent a cease and desist demand to BALDY, but was unable to resolve the dispute.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

13. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Works, including, without limitation, through viewing the Subject Works in or on Plaintiff's publications, profiles, exhibitions, websites and/or through other authorized channels, over the internet, including without limitation as accessed via a search engine, or through a third party source.

15. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendants, and each of them, distributed, marketed and sold product that bears artwork that is identical to, or substantially similar to, the Subject Works.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by distributing, selling, and marketing the Accused Product.

17. Defendants, and each of them, infringed Plaintiff's rights by copying the Subject Works, and distributing and selling the Accused Product, without Plaintiff's authorization or consent.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered actual, general and special damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Works in an amount to be established at trial.

20. Plaintiff is informed and believes and thereon alleges that, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication, and distribution of the Subject Works as alleged hereinabove. Defendants, and each of them, realized profits through their respective obtainment, publication, and distribution of the Accused Product.

23. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they

had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, marketing, and sale of the Accused Product. And, Defendants, and each of them, realized profits through their respective obtainment, distribution, and sale of the Accused Product.

24. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Works. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Works, in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

### THIRD CLAIM FOR RELIEF

### (For Violation of the Digital Millennium Copyright Act - Against All Defendants)

27. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Defendants, and each of them, accessed the Subject Works, and the Subject Works bore the artist's name and author information.

29. Defendants, and each of them, removed each of the artist's name and author information, as well as his titles and credits, from the Subject Works, and did not include the artist's name, author, credit, or title information when Defendants, and each of them, exploited, published, marketed, sold, and distributed the Accused Product

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, in engaging in the acts set forth above, violated 17 U.S.C. §1202 *et seq.* Indeed, Defendants, and each of them, by intentionally removing the artist's attribution and copyright management information from the Subject Works and altering the attribution and copyright management information on said works to reflect that one or more of the Defendants authored or owned the works, violated 17 U.S.C. §1202(a)-(b). Defendants, and each of them, engaged in the above acts in creating the infringing works at issue in this case, and then distributed the mislabeled and misattributed copies of these works to the public.

31. Defendants, and each of them, removed and/or altered the attribution and copyright management information and distributed the mislabeled and misattributed copies with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of certain rights under this title. In addition, certain of the infringing copies included alterations and manipulations by Defendants,

and each of them, that appear to attribute or associate the Subject Works to Defendants, and each of them. These acts further violate §1202.

32. Plaintiff is informed and believe and thereon allege that Defendants, and each of them, knowingly removed and altered the copyright management information on the infringing copies, and knowingly displayed the copies without the copyright management information.

33. Defendants, and each of them, removed the artist's name and identifying material from the Subject Works in violation of this statute before publishing unauthorized copies of the Subject Works to the public.

34. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common law and statutory damages and penalties, including in the form of Plaintiff's costs and attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.

35. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

<u>With Respect to Each Claim for Relief</u>

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Works;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial;

    c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the product at issue;

    d. That Plaintiff be awarded its costs and attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. or other authority;

    e. That Plaintiff be awarded its costs and attorneys' fees, as well as exemplary and statutory damages, as available under 17 USC 1203 et seq. or other authority;

    f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

    g. That a trust be imposed over any product, or revenues derived from any usage of the Subject Works;

    h. That Plaintiff be awarded pre-judgment interest as allowed by law;

    i. That Plaintiff be awarded the costs of this action; and

    j. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: December 19, 2016    By:    */s/ Scott Alan Burroughs*
    Scott Alan Burroughs, Esq.
    Trevor W. Barrett, Esq.
    DONIGER / BURROUGHS
    Attorneys for Plaintiff

## **EXHIBIT A**

| SCHMIDT ORIGINAL ARTWORK | BALDY INFRINGING USE |
|---|---|
|  |  |
| SCHMIDT ORIGINAL ARTWORK | BALDY INFRINGING USE |
|  |  |

10
COMPLAINT