1  COLT LEGAL GROUP
   Doug W. Colt (Bar No. 210915)
2  dcolt@coltlegal.com

3  1034 Emerald Bay Road, Suite 443
   South Lake Tahoe, CA  96150
4  Telephone: (628) 400-2658
   Facsimile:  (628) 400-2658
5  Attorneys for Sherri Baldy

6

7  **UNITED STATES DISTRICT COURT**

8  **CENTRAL DISTRICT OF CALIFORNIA**

9

10  TOM SCHMIDT, an Individual,

11              Plaintiff,

12  v.

13  SHERRI BALDY, individually, and doing
    business as "Scrapbook Stamp Society",
14  "Mybestiesshop.com" and
    "etsy.com/shop/SherriBaldy"; and DOES 1-10
15
                Defendants.
16

17

18

19

20

21  SHERRI BALDY, an Individual,

22              Counterclaim Plaintiff,

23  v.

24  TOM SCHMIDT, individually; and DOES 1-
    10
25
                Counterclaim Defendants.
26

27

28

CASE NO. 2:16-cv-09368

**COUNTERCLAIM BY SHERRI BALDY**

1.  **COPYRIGHT INFRINGEMENT**
2.  **VICARIOUS AND/OR CONTRIBUTORY INFRINGEMENT**
3.  **VIOLATION OF THE DMCA**
4.  **UNFAIR COMPETITION, BUS. & PROF. CODE § 17200**

Dept.:       7D, 1st Street Courthouse
Judge:       Hon. Dale S. Fischer

Filing Date:  December 19, 2016
Trial Date:   None Set

**COUNTERCLAIM**

Counterclaim Plaintiff Sherri Baldy ("Baldy" or "Counterclaim Plaintiff"), by undersigned counsel, asserts the following counterclaims against Counterclaim Defendant Tom Schmidt ("Schmidt" or "Counterclaim Defendant").

**INTRODUCTION AND SUMMARY**

1.      This case illustrates an all too unfortunate scenario.  An established artist takes a young artist under her wing and attempts to help her grow.  Tensions ensue and the "protégé" decides she has outgrown her confines and flies the figurative coop.  Free of her earthly confines, yet now immersed in the world of commercial art, she quickly finds that there is one type of artwork that sells—the works she created based on those of her former mentor.  But pride is indeed the mother of arrogance.  Rather than embrace the inspiration of her mentor and give credit where credit is due, the protégé lashes out and turns the tables—it was she who created these characters!  She will prove her talent with the help of the courts!

2.      But facts are stubborn things.  A simple review of publicly-available evidence quickly reveals the scheme and makes clear that this lawsuit is a sham.  The "original works" claimed by Heather Valentin and her agent/manager Tom Schmidt are nothing more than knockoffs of original artwork created by Sherri Baldy—in many instances artwork that was created years ago.  Ms. Baldy has endured countless years of harassment, defamation, false blog postings, and interference with her business, all while trying to take the high road.  Schmidt and Valentin have thus far refused every opportunity to resolve these issues amicably and professionally.  Regrettably, Ms. Baldy must now assert the following counterclaims to protect her reputation and put an end to the deception being foisted on the art community and the public by Tom Schmidt and Heather Valentin.

**PARTIES**

3.      Counterclaim Plaintiff Sherri Baldy is an individual residing in Riverside County, California.

4.      On information and belief, Counterclaim Defendant Tom Schmidt is an individual residing in Arizona.  Schmidt has repeatedly and consistently represented that he is the Agent and

Manager of Heather Valentin.  Schmidt alleges in the Complaint that he is the owner of the copyrights at issue in the Complaint, all of which are also at issue in these Counterclaims.

5.      Counterclaim Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Baldy's copyright, have contributed to the infringement of Baldy's copyright, or have engaged in one or more of the wrongful practices alleged herein.  The true names, whether corporate, individual or otherwise, of Counterclaim Defendants 1 through 10, inclusive, are presently unknown to Counterclaim Plaintiff, who therefore sues DOES by such fictitious names, and will seek leave to amend this Counterclaim to show their true names and capacities when same have been ascertained.

6.      Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants accessed original works by Ms. Baldy ("Baldy Original Works") and other works for which Baldy claims exclusive rights, and then exploited them without Baldy's authorization.  On information and belief, Counterclaim Plaintiff alleges that Counterclaim Defendants, and each of them, exploited the Baldy Original Works by incorporating the same into books, digital products, websites, stamps, and other products, and then advertised and sold, both online and in stores, said product to consumers ("Valentin Copies").  A non-inclusive exemplar of the Valentin Copies as sold by Counterclaim Defendants, and each of them, is displayed in the right column of Exhibit A alongside that of the Baldy Original Works that were unlawfully exploited by Counterclaim Defendants, and each of them.  This exemplar is not meant to encompass all Valentin Copies; the claims made herein are as to any publication, sale, distribution, monetization, or other use by Counterclaim Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Baldy Original Works or works in which Baldy claims exclusive ownership. Counterclaim Plaintiff asserts, without limitation, that Counterclaim Defendants are infringing on those copyrights identified in Exhibit B.

7.      A comparison of the Baldy Original Works with the Valentin Copies reveals that the elements, composition, colors, arrangement, subject, motifs, renderings, and overall appearance of the works are identical or at least substantially similar.

Colt Legal Group

8.    Baldy at no point authorized Counterclaim Defendants, or any of them, to use the Baldy Original Works as complained of herein.  Counterclaim Plaintiff sent multiple cease and desist demands to Valentin and her attorneys, but was unable to resolve the dispute.

### FACTUAL SUMMARY

9.    Sherri Baldy has a long and established history as an artist with a focus on fantasy and big-head, big-eyed themed art.  Her work has been featured worldwide, including appearances on the Oprah Winfrey Show in the 1990's and publication in the Big Eyed Artbook in the 2000's. Ms. Baldy's work is protected by numerous copyright registrations that extend back to 2004; for more than 15 years prior, Ms. Baldy sold dolls and other artwork of similar designs.

10.    As part of a larger effort to help new artists gain exposure in the crafting and larger art community, Ms. Baldy founded the Fairy Society, LLC nearly a decade ago.  This organization was designed to assist aspiring artists with licensing their works to larger publishers.  In 2010, Heather Valentin ("Valentin") approached Ms. Baldy seeking to join the Society.   At the time, Valentin's work consisted almost entirely of gothically-themed characters.  Exemplar samples of Ms. Valentin's work at the time included the following:

  

11.    At all times relevant thereafter, Counterclaim Defendant Tom Schmidt asserted and represented to Ms. Baldy that he was Ms. Valentin's Agent and Manager, that he owned all of Ms. Valentin's copyrights and related intellectual property, and that he was responsible for all business decisions concerning Ms. Valentin and her artwork.

12.    As of 2010, Ms. Valentin's work had a distinct look and feel that differed substantially from the jubilant big-head, big-eye works of Ms. Baldy.  However, once Ms. Valentin was exposed to Ms. Baldy's original works, Ms. Valentin quickly began producing copycat derivative works that now appear to form the basis of Schmidt's "original" claims in the Complaint.

Colt Legal Group

For example, Schmidt's Complaint contains the following allegation of infringement:



13.     The drawing depicted as "Baldy Infringing Use" is not a recent publication that post-dates the allegedly "original" artwork by Ms. Valentin, but is in fact an **original work by Ms. Baldy** first published on December 31, 2012, **more than four years ago**.  The derivative work by Ms. Valentin, described in the complaint as "Schmidt Original Artwork" was not in fact published until March 2, 2014, **more than one year later**.  It is simply a copy of Ms. Baldy's original design.

| Original "My Daisy" work by Sherri Baldy, published December 31, 2012 | Infringing derivative "Daisy Do It All" by Heather Valentin, published March 2, 2014 |
|---|---|
| | |

Colt Legal Group

14.     Schmidt's complaint is further based on an allegedly infringing use of Ms. Valentin's "Rory" character.  This character was first introduced publicly on October 27, 2013, as evidenced by Ms. Valentin's own blog: http://lacysunshine.blogspot.com/2013/10/new-digis.html.  Schmidt's and Valentin's copying is immediately apparent:

| Original work by Sherri Baldy, published November 9, 2013 | Derivative work by Heather Valentin, published November 13, 2013 |
|---|---|
|  | |

15.     Once again, it was in fact Valentin and Schmidt who copied Ms. Baldy's original work.

16.     Ms. Valentin's and Mr. Schmidt's copying and infringement does not appear to be limited to character sketches.  For example, on April 12, 2016, Ms. Baldy published "Sherri Baldy My-Besties™ Fairy Time Coloring Book, Vol. 3".  On January 18, 2017, Ms. Valentin published a remarkably similar coloring book entitled "Lacy Sunshine's Moonbeams and Fairy Tale Dreams Coloring Book, Vol. 31." as reflected in Ms. Valentin's blog posting:

17.    A side-by-side comparison demonstrates that this is once again a copy of an older work by Ms. Baldy that had been created nearly two years earlier and **published** on April 12, 2016:

| ***Sherri Baldy Original Work*** | ***Heather Valentin / Tom Schmidt Copy*** |
|---|---|
| Creation Date:  **June 22, 2014** | Creation / Publication Date:  **January 18, 2017** |
| Published:  **April 12, 2016** | |
|  |  |

18.     Schmidt's and Valentin's fraud is evident again from publicly available information. In the blog posting dated January 18, 2017, Ms. Valentin proclaims "I am so THRILLED to announce the debut of my 31st coloring book, which is now available in Amazon…"   Yet despite the self-proclaimed "debut" date of January 18, 2017, Schmidt and Valentin **falsely claim a publication date of November 16, 2016** in their listing on Amazon, presumably in an attempt to establish copyright priority as they have done with numerous other books:



19.     Publicly-verifiable information further demonstrates the egregious copying of Ms. Baldy's works by Schmidt and Valentin:

https://www.facebook.com/ScrapbookStampSociety/photos/a.153737881370324.36842.1392242361 55022/535891059821669/?type=3.

20.     The artwork depicted in the above link was created and published by Ms. Baldy no later than November 9, 2013, as demonstrated in the link.  Not coincidentally, Schmidt and Valentin created and published an unauthorized derivative work only a few days later under the name of "Rory."  This is the same character Mr. Schmidt now falsely claims in his complaint as an "original" work:

| Sherri Baldy Original November 9, 2013 | Valentin Derivative Work, "Rory" November 13, 2013 | "Original" Work Claimed in Complaint |
|---|---|---|
|  |  |  |

Colt Legal Group

21.     The copying by Schmidt and Valentin is unmistakable and Valentin's own blog establishes and reinforces her unauthorized creation of a derivative work.  *See* http://lacysunshine.blogspot.com/2014/04/rory-love.html.

22.     Additional publicly-verifiable information again demonstrates the blatant copying of Ms. Baldy's works by Schmidt and Valentin:



| Sherri Baldy "Daisy Do All" Original December 31, 2012 | Valentin "Mayde" Derivative Work March 2, 2014 | "Original" Work Claimed in Complaint |
|---|---|---|

https://www.facebook.com/sherri.baldystamps/media_set?set=a.113644002086090.15087.10000321 4730981&type=3.

23.     Since their first introduction to Ms. Baldy, Schmidt and Valentin have engaged in a pervasive pattern in which Ms. Valentin produces unauthorized derivative works from Ms. Baldy's original artwork and Schmidt and Valentin then falsely market and profit from the sale of the unauthorized works.  The copycat works often appear mere days after Ms. Baldy publishes a new coloring book, blog entry, or online character.

24.     Remarkably, this pattern and practice includes the widespread dissemination of false information by Schmidt and Valentin wherein they claim to be the original authors of the Valentin derivative works.  This conduct is designed to harm, and has harmed, Ms. Baldy's reputation in the art community.  This conduct has further caused tremendous damages in terms of lost business opportunities and diminished sales.

25.     Further exemplars of Schmidt's and Valentin's infringing copies are illustrated in Exhibit A.

**JURISDICTION AND VENUE**

26.     These counterclaims arise under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq.

27.     This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

28.     This Court has supplemental jurisdiction under 28 U.S.C. § 1337.

29.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**FIRST COUNTERCLAIM FOR RELIEF**

(For Copyright Infringement – Against all Counterclaim Defendants, and Each of Them)

30.     Counterclaim Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Counterclaim.

31.     Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants, and each of them, had access to the Baldy Original Works, including, without limitation, through viewing the Baldy Original Works by direct means, and through Baldy's publications, profiles, exhibitions, websites and/or through other authorized channels, over the Internet, including without limitation as accessed via a search engine, or through a third party source.

32.     Counterclaim Plaintiff is informed and believes and thereon alleges that, without Baldy's authorization, Counterclaim Defendants, and each of them, distributed, marketed and sold product that bears artwork that is identical to, or substantially similar to, the Baldy Original Works.

33.     Counterclaim Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Baldy's copyright by distributing, selling, and marketing the Valentin Copies.

34.     Counterclaim Defendants, and each of them, infringed Baldy's rights by copying the Baldy Original Works, and distributing and selling the Valentin's Copies, without Baldy's consent.

35.     Due to Counterclaim Defendants', and each of their, acts of infringement, Baldy has suffered actual, general and special damages in an amount to be established at trial.

Colt Legal Group

36.     Due to Counterclaim Defendants' acts of copyright infringement as alleged herein, Counterclaim Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Baldy's rights in the Baldy Original Works. As such, Baldy is entitled to disgorgement of Counterclaim Defendants' profits directly and indirectly attributable to Counterclaim Defendants' infringement of her rights in the Baldy Original Works in an amount to be established at trial.

37.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants', and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Counterclaim Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## SECOND COUNTERCLAIM FOR RELIEF

### (For Vicarious and/or Contributory Copyright Infringement – Against all Counterclaim Defendants, and Each of Them)

38.     Counterclaim Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Counterclaim.

39.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction, publication, and distribution of the Valentin Copies as alleged herein above. Counterclaim Defendants, and each of them, realized profits through their respective obtainment, publication, and distribution of the Valentin Copies.

40.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  Specifically, each Counterclaim Defendant had the ability to oversee the development, marketing, and sale of the Valentin Copies, and, Counterclaim Defendants, and each of them, realized profits through their respective obtainment, distribution, and sale of the Valentin Copies.

Colt Legal Group

41.     By reason of Counterclaim Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Baldy has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general and special damages in an amount to be established at trial.

42.     Due to Counterclaim Defendants' acts of copyright infringement as alleged herein, Counterclaim Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Baldy's rights in the Baldy Original Works. As such, Baldy is entitled to disgorgement of Counterclaim Defendants' profits directly and indirectly attributable to Counterclaim Defendants' infringement of her rights in the Subject Works, in an amount to be established at trial.

43.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Counterclaim Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## THIRD COUNTERCLAIM FOR RELIEF

(For Violation of the Digital Millennium Copyright Act - Against All Counterclaim Defendants)

44.     Counterclaim Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Counterclaim.

45.     Counterclaim Defendants, and each of them, accessed the Baldy Original Works, and the Baldy Original Works bore the artist's name and author information.

46.     Counterclaim Defendants, and each of them, removed each of the artist's name and author information, as well as his titles and credits, from the Baldy Original Works, and did not include the artist's name, author, credit, or title information when Counterclaim Defendants, and each of them, exploited, published, marketed, sold, and distributed the Valentin Copies.

47.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants, and each of them, are engaging in the acts set forth above, violated 17 U.S.C. §1202 et seq.  Counterclaim Defendants, and each of them, violated this statute by

Colt Legal Group

1  intentionally removing the artist's attribution and copyright management information from the

2  Subject Works and altering the attribution and copyright management information on said works to

3  reflect that one or more of the Counterclaim Defendants authored or owned the works.

4       48. Counterclaim Defendants, and each of them, engaged in the above acts in creating the

5  infringing works at issue in this case, and then distributed the mislabeled and misattributed copies of

6  these works to the public.

7       49. Counterclaim Defendants, and each of them, removed and/or altered the attribution

8  and copyright management information and distributed the mislabeled and misattributed copies with

9  knowledge that the copyright management information had been removed or altered without

10  authority of the copyright owner or the law, and distributed and publicly displayed the infringing

11  copies knowing that the copyright management information had been removed or altered without

12  authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under §

13  1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or

14  conceal an infringement of certain rights under this title. In addition, certain of the infringing copies

15  included alterations and manipulations by Defendants, and each of them, that appear to attribute or

16  associate the Baldy Original Works to Counterclaim Defendants, and each of them. These acts

17  further violate §1202.

18       50. Counterclaim Plaintiff is informed and believe and thereon allege that Counterclaim

19  Defendants, and each of them, knowingly removed and altered the copyright management

20  information on the infringing copies, and knowingly displayed the copies without the copyright

21  management information.

22       51. Counterclaim Defendants, and each of them, removed the artist's name and

23  identifying material from the Baldy Original Works in violation of this statute before publishing

24  unauthorized copies of the Baldy Original Works to the public.

25       52. The above conduct is in violation of the Digital Millennium Copyright Act and

26  exposes Defendants, and each of them, to additional and enhanced common law and statutory

27  damages and penalties, including in the form of Plaintiff's costs and attorneys' fees, pursuant to 17

28  USC § 1203 and other applicable law.

53.     Counterclaim Plaintiff is informed and believes and thereon alleges that Counterclaim Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, and Counterclaim Plaintiff resultantly seeks enhanced damage and penalties.

## FOURTH COUNTERCLAIM FOR RELIEF

(Violation of California Bus. & Prof. Code § 17200 et seq.)

54.     Counterclaim Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Counterclaim.

55.     The aforementioned conduct by Counterclaim Defendants constitutes an unlawful, unfair, or fraudulent business act under California Bus. & Prof. Code § 17200.

## PRAYER FOR RELIEF

Wherefore, Counterclaim Plaintiff prays for judgment as follows:

a.     That Counterclaim Defendants, their agents and employees be enjoined from infringing Baldy's copyrights in any manner, specifically those for the Baldy Original Works;

b.     That Counterclaim Plaintiff be awarded all profits of Counterclaim Defendants plus all losses of Counterclaim Plaintiff, plus any other monetary advantage gained by the Counterclaim Defendants through their infringement, the exact sum to be proven at the time of trial;

c.     That a trust be imposed over the revenues derived by Counterclaim Defendants, and each of them, through the sales or distribution of Valentin Copies;

d.     That Baldy be awarded her costs and attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. or other authority;

e.     That Baldy be awarded her costs and attorneys' fees, as well as exemplary and statutory damages, as available under 17 USC 1203 et seq. or other authority;

f.   That Counterclaim Defendants, and each of them, account to Counterclaim Plaintiff for their profits and any damages sustained by Baldy arising from the foregoing acts of infringement;

g.   That a trust be imposed over any product, or revenues derived from any usage of the Baldy Original Works;

h.   That Counterclaim Plaintiff be awarded pre-judgment interest as allowed by law;

i.   That Counterclaim Plaintiff be awarded the costs of this action; and

j.   That Counterclaim Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

### **JURY DEMAND**

Counterclaim Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Date:  April 26, 2017

Respectfully Submitted By,

COLT LEGAL GROUP

By:_____
Doug W. Colt
Attorneys for Sherri Baldy