1 COLT LEGAL GROUP
   Doug W. Colt (Bar No. 210915)
2  dcolt@coltlegal.com
3 1034 Emerald Bay Road, Suite 443
   South Lake Tahoe, CA 96150
4 Telephone: (628) 400-2658
   Facsimile: (628) 400-2658
5 Attorneys for Sherri Baldy

6

7 **UNITED STATES DISTRICT COURT**

8 **CENTRAL DISTRICT OF CALIFORNIA**

9

| | |
|---|---|
| 10  TOM SCHMIDT, an Individual, | CASE NO. 2:16-cv-09368-DSF-AGR |
| 11            Plaintiff, | |
| 12  v. | **THIRD PARTY COMPLAINT AGAINST HEATHER VALENTIN** |
| 13  SHERRI BALDY, individually, and doing business as "Scrapbook Stamp Society", "Mybestiesshop.com" and "etsy.com/shop/SherriBaldy"; and DOES 1-10 | Dept.:   7D, 1st Street Courthouse |
| 14 | Judge:   Hon. Dale S. Fischer |
| 15 | Filing Date: December 19, 2016 |
| 16            Defendants. | Trial Date: None Set |
| 17 | |
| 18 _____ | |
| 19  SHERRI BALDY, an Individual, | |
|              Counterclaim Plaintiff, | |
| 20  v. | |
| 21  TOM SCHMIDT, individually; and DOES 1-10 | |
| 22            Counterclaim Defendants. | |
| 23 _____ | |
| 24  SHERRI BALDY, an Individual, | |
|              Third Party Plaintiff, | |
| 25  v. | |
| 26  HEATHER VALENTIN, an Individual; and DOES 1-10 | |
| 27            Third Party Defendants. | |
| 28 | |

## THIRD PARTY COMPLAINT

Third Party Plaintiff Sherri Baldy ("Baldy" or "Plaintiff"), by undersigned counsel, asserts the following causes of action against Third Party Defendant Heather Valentin ("Valentin" or "Defendant").

## INTRODUCTION AND SUMMARY

1. This case illustrates an all too unfortunate scenario. An established artist takes a young artist under her wing and attempts to help her grow. Tensions ensue and the "protégé" decides she has outgrown her confines and flies the figurative coop. Free of her earthly confines, yet now immersed in the world of commercial art, she quickly finds that there is one type of artwork that sells—the works she created based on those of her former mentor. But pride is indeed the mother of arrogance. Rather than embrace the inspiration of her mentor and give credit where credit is due, the protégé lashes out and turns the tables—it was she who created these characters! She will prove her talent with the help of the courts!

2. But facts are stubborn things. A simple review of publicly-available evidence quickly reveals the scheme and makes clear that the underlying lawsuit giving rise to this third party complaint is a sham. The "original works" claimed by Heather Valentin and her agent/manager Tom Schmidt are nothing more than knockoffs of original artwork created by Sherri Baldy—in many instances artwork that was created years ago. Ms. Baldy has endured countless years of harassment, defamation, false blog postings, and interference with her business, all while trying to take the high road. Schmidt and Valentin have thus far refused every opportunity to resolve these issues amicably and professionally. Regrettably, Ms. Baldy must now assert the following causes of action to protect her reputation and put an end to the deception being foisted on the art community and the public by Tom Schmidt and Heather Valentin.

# PARTIES

3. Third Party Plaintiff Sherri Baldy is an individual residing in Riverside County, California.

4. On information and belief, Third Party Defendant Heather Valentin is an individual residing in Michigan.

5. On information and belief, Counterclaim Defendant Tom Schmidt is an individual residing in Arizona. Schmidt has repeatedly and consistently represented that he is the Agent and Manager of Heather Valentin. Schmidt alleges in the Complaint that he is the owner of the copyrights at issue in the Complaint, all of which are also at issue in the Counterclaims and the Third Party Complaint by Ms. Baldy.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Baldy's copyright, have contributed to the infringement of Baldy's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues DOES by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that Defendants accessed original works by Ms. Baldy ("Baldy Original Works") and other works for which Baldy claims exclusive rights, and then exploited them without Baldy's authorization. On information and belief, Plaintiff alleges that Defendants, and each of them, exploited the Baldy Original Works by incorporating the same into books, digital products, websites, stamps, and other products, and then advertised and sold, both online and in stores, said product to consumers ("Valentin Copies"). A non-inclusive exemplar of the Valentin Copies as sold by Defendants, and each of them, is displayed in the right column of Exhibit A alongside that of the Baldy Original Works that were unlawfully exploited by Defendants, and each of them. This exemplar is not

meant to encompass all Valentin Copies; the claims made herein are as to any publication, sale, distribution, monetization, or other use by Defendants, and/or each of them, that incorporates without permission, in whole or in part, the Baldy Original Works or works in which Baldy claims exclusive ownership. Plaintiff asserts, without limitation, that Defendants are infringing on those copyrights identified in Exhibit B.

8. A comparison of the Baldy Original Works with the Valentin Copies reveals that the elements, composition, colors, arrangement, subject, motifs, renderings, and overall appearance of the works are identical or at least substantially similar.

9. Baldy at no point authorized Defendants, or any of them, to use the Baldy Original Works as complained of herein. Plaintiff sent multiple cease and desist demands to Valentin and her attorneys, but was unable to resolve the dispute.

## JURISDICTION AND VENUE

10. These claims arise under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, et seq.

11. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

12. This Court has supplemental jurisdiction under 28 U.S.C. § 1337.

13. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## FACTUAL BACKGROUND

**I. COPYING OF BALDY WORKS BY VALENTIN AND SCHMIDT**

14. Sherri Baldy has a long and established history as an artist with a focus on fantasy and big-head, big-eyed themed art. Her work has been featured worldwide, including appearances on the Oprah Winfrey Show in the 1990's and publication in the Big Eyed Artbook in the 2000's. Ms. Baldy's work is protected by

1  numerous copyright registrations that extend back to 2004; for more than 15 years
2  prior, Ms. Baldy sold dolls and other artwork of similar designs.

3     15.   As part of an effort to help new artists gain exposure in the crafting and
4  larger art community, Ms. Baldy founded the Fairy Society, LLC nearly a decade ago.
5  This organization was designed to assist aspiring artists with licensing their works to
6  larger publishers. In 2010, Heather Valentin ("Valentin") approached Ms. Baldy
7  seeking to join the Society. At the time, Valentin's work consisted almost entirely of
8  gothically-themed characters. Exemplar samples of Ms. Valentin's work at the time
9  included the following:







23     16.   At all times relevant thereafter, Counterclaim Defendant Tom Schmidt
24  asserted and represented to Ms. Baldy that he was Ms. Valentin's Agent and Manager,
25  that he owned all of Ms. Valentin's copyrights and related intellectual property, and
26  that he was responsible for all business decisions concerning Ms. Valentin and her
27  artwork. Ms. Valentin makes contradictory claims that she is the owner of her
28  copyrights.

17. As of 2010, Ms. Valentin's work had a distinct look and feel that differed substantially from the jubilant big-head, big-eye works of Ms. Baldy. However, once Ms. Valentin was exposed to Ms. Baldy's original works, Ms. Valentin quickly began producing copycat derivative works that now appear to form the basis of Schmidt's "original" claims in the Complaint. For example, Schmidt's Complaint contains the following allegation of infringement:



18. The drawing depicted as "Baldy Infringing Use" is not a recent publication that post-dates the allegedly "original" artwork by Ms. Valentin, as suggested by the Complaint, but is in fact an **original work by Ms. Baldy** first published on December 31, 2012, **more than four years ago**. The derivative work by Ms. Valentin, described in the Complaint as "Schmidt Original Artwork" was not in fact published until March 2, 2014, **more than one year later**. It is simply a copy of Ms. Baldy's original design.

19. Schmidt's Complaint is further based on an allegedly infringing use of Ms. Valentin's "Rory" character. This character was first introduced publicly on October 27, 2013, as evidenced by Ms. Valentin's own blog:



http://lacysunshine.blogspot.com/2013/10/new-digis.html.  Schmidt's and Valentin's copying is immediately apparent.

20. Notably, once Ms. Baldy filed her counterclaim on April 26, 2017, Ms. Valentin's blog abruptly disappeared from public view. It is unknown whether Ms. Valentin is attempting to destroy evidence in this case.

21. Ms. Valentin's and Mr. Schmidt's copying and infringement does not appear to be limited to character sketches. For example, on April 12, 2016, Ms. Baldy published "Sherri Baldy My-Besties™ Fairy Time Coloring Book, Vol. 3". On January 18, 2017, Ms. Valentin published a remarkably similar coloring book entitled "Lacy Sunshine's Moonbeams and Fairy Tale Dreams Coloring Book, Vol. 31." as reflected in Ms. Valentin's blog posting:



<small>Case 2:16-cv-09368-DSF-AGR Document 26 Filed 05/10/17 Page 8 of 20 Page ID #:154

22. A side-by-side comparison demonstrates that this is once again a copy of an older work by Ms. Baldy that had been created nearly two years earlier and **published** on April 12, 2016:

| **Sherri Baldy Original Work** | **Heather Valentin / Tom Schmidt Copy** |
|---|---|
| Creation Date: June 22, 2014 | Creation / Pub. Date: Jan. 18, 2017 |
| Published: April 12, 2016 | |
|  |  |

23. Schmidt's and Valentin's fraud is evident again from publicly available information. In the blog posting dated January 18, 2017, Ms. Valentin proclaims "I am so THRILLED to announce the debut of my 31st coloring book, which is now available in Amazon…" Yet despite the self-proclaimed "debut" date of January 18, 2017, Schmidt and Valentin **falsely claim a publication date of November 16, 2016**

- 7 -
THIRD PARTY COMPLAINT AGAINST HEATHER VALENTIN
CASE NO. 2:16-CV-09368-DSF-AGR

in their listing on Amazon, presumably in an attempt to establish copyright priority as they have done with numerous other books:



24. Publicly-verifiable information further demonstrates the egregious copying of Ms. Baldy's works by Schmidt and Valentin: https://www.facebook.com/ScrapbookStampSociety/photos/a.153737881370324.36842.139224236155022/535891059821669/?type=3.

25. The artwork depicted in the above link was created and published by Ms. Baldy no later than November 9, 2013, as demonstrated in the link. Not coincidentally, Schmidt and Valentin created and published an unauthorized derivative work only a few days later under the name of "Rory." This is the same character Mr. Schmidt now falsely claims in the Complaint as an "original" work:

The copying by Schmidt and Valentin is unmistakable and Valentin's own blog establishes and reinforces her unauthorized creation of a derivative work. *See* http://lacysunshine.blogspot.com/2014/04/rory-love.html.

26. Additional publicly-verifiable information again demonstrates the blatant copying of Ms. Baldy's works by Schmidt and Valentin:



https://www.facebook.com/sherri.baldystamps/media_set?set=a.113644002086090.15087.100003214730981&type=3.

27. Since their first introduction to Ms. Baldy, Schmidt and Valentin have engaged in a pervasive pattern in which Ms. Valentin produces unauthorized derivative works from Ms. Baldy's original artwork and Schmidt and Valentin then falsely market and profit from the sale of the unauthorized works. The copycat works often appear mere days after Ms. Baldy publishes a new coloring book, blog entry, or online character.

28. Remarkably, this pattern and practice includes the widespread dissemination of false information by Schmidt and Valentin wherein they claim to be the original authors of the Valentin derivative works. This conduct is designed to harm, and has harmed, Ms. Baldy's reputation in the art community. This conduct has further caused tremendous damages in terms of lost business opportunities and diminished sales.

29. Further exemplars of Schmidt's and Valentin's infringing copies are illustrated in Exhibit A.

## II. DEFAMATION AND INTERFERENCE BY VALENTIN

30. In addition to the copyright infringement detailed above, Ms. Valentin launched a vicious smear campaign against Ms. Baldy once the two parted ways. This conduct was designed and intended to publicly humiliate Ms. Baldy, smear Ms. Baldy's reputation in the art community, interfere with Ms. Baldy's business, and create the false impression that Ms. Baldy had stolen Ms. Valentin's designs when precisely the opposite was true. As detailed above, Ms. Valentin dramatically changed her artistic style and began creating knock offs of Ms. Baldy's original works shortly after the two of them met.

31. Ms. Baldy earns her livelihood through direct sales and through the licensing of works to third parties. Shortly after parting ways with Ms. Baldy, Ms. Valentin began a campaign to destroy these relationships. In 2013 for example, Ms. Baldy was in the process of fulfilling a major figurine contract with The Bradford Exchange. The contract was the largest contract Ms. Baldy had ever obtained. In October 2013, Ms. Baldy was in the process of creating prototypes for approval by Bradford. In October 2013, The Bradford Exchange abruptly terminated the contract after receiving the following false statement by Ms. Valentin, couched as a communication by the "Lacy Sunshine Legal Team."

> The legal team of Heather Valentin and her company, Lacy Sunshine Stamps, would like to present you with the following information. Ms. Valentin own the copy rights [sic] to all her images and these copyrights are on file with the United States Copyright Office and have all been dated and accepted as belonging to Ms. Valentin. Mrs. Baldy had employed Heather Valentin over 3 years ago and since their less than amicable parting of ways, Mrs. Baldy has copied Ms. Valentin's images and other business ideas in such speedy fashion that it almost appears she is getting inside information even though this is not the case. Based on the following, we would like to request that you please discontinue carrying and advertising Mrs. Baldy's work as it is in direct violation of copyright law. Thank you for your time. Lacy Sunshine Legal Team.

32. The statements regarding alleged copying by Ms. Baldy were false. The Bradford Exchange abruptly terminated the contract immediately after receiving this notice.

33. Over the past four years and continuing today, Ms. Valentin continued to defame Ms. Baldy by, *inter alia*, falsely claiming that Ms. Baldy has stolen Ms. Valentin's works; falsely claiming that the "Rory" character is original as opposed to being a derivative work based on original works by Ms. Baldy; falsely claiming that Ms. Baldy has failed to pay Ms. Valentin for her work; falsely claiming that Ms. Baldy removed watermarks or other identifying information from Ms. Valentin's works; contacting other bloggers in the art community and demanding that they post a notice on their blogs regarding copyright infringement by Ms. Baldy; contacting current customers of Ms. Baldy and directing them to false and misleading blog postings regarding Ms. Baldy; contacting prospective customers of Ms. Baldy and providing them with false information, causing them to forego business relationships with Ms. Baldy, filing copyrights with false dates of creation; using false and deceptive character names to suggest that her artwork is affiliated with or based on characters by Ms. Baldy; engaging in cyber-stalking by contacting others in the art community and demanding that they take pictures of Ms. Baldy at trade shows and other events; using metatags in a false and deceiving manner on Amazon and other sources in order to divert business from Ms. Baldy; creating multiple fake Facebook pages in order to libel Ms. Baldy; and even posting a letter from Ms. Baldy's previous attorney and claiming the letter and the attorney were "fake." No fewer than 27 potential buyers commented on the post and stated that they would never buy from Ms. Baldy again as a result.

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each of Them)

34.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

35.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Baldy Original Works, including, without limitation, through viewing the Baldy Original Works by direct means, and through Baldy's publications, profiles, exhibitions, websites and/or through other authorized channels, over the Internet, including without limitation as accessed via a search engine, or through a third party source.

36.     Plaintiff is informed and believes and thereon alleges that, without Baldy's authorization, Defendants, and each of them, distributed, marketed and sold product that bears artwork that is identical to, or substantially similar to, the Baldy Original Works.

37.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Baldy's copyright by distributing, selling, and marketing the Valentin Copies.

38.     Defendants, and each of them, infringed Baldy's rights by copying the Baldy Original Works, and distributing and selling the Valentin's Copies, without Baldy's consent.

39.     Due to Defendants', and each of their, acts of infringement, Baldy has suffered actual, general and special damages in an amount to be established at trial.

40.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Baldy's rights in the Baldy Original Works. As such, Baldy is entitled to disgorgement of Defendants' profits

1 directly and indirectly attributable to Defendants' infringement of her rights in the
2 Baldy Original Works in an amount to be established at trial.

3     41.    Plaintiff is informed and believes and thereon alleges that Defendants',
4 and each of their, conduct as alleged herein was willful, reckless, and/or with
5 knowledge, subjecting Defendants, and each of them, to enhanced statutory damages,
6 claims for costs and attorneys' fees, and/or a preclusion from deducting certain
7 overhead when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each of Them)**

11     42.    Plaintiff repeats, re-alleges, and incorporates herein by reference as
12 though fully set forth, the allegations contained in the preceding paragraphs of this
13 Complaint.

14     43.    Plaintiff is informed and believes and thereon alleges that Defendants
15 knowingly induced, participated in, aided and abetted in and profited from the illegal
16 reproduction, publication, and distribution of the Valentin Copies as alleged herein
17 above. Defendants, and each of them, realized profits through their respective
18 obtainment, publication, and distribution of the Valentin Copies.

19     44.    Plaintiff is informed and believes and thereon alleges that Defendants,
20 and each of them, are vicariously liable for the infringement alleged herein because
21 they had the right and ability to supervise the infringing conduct and because they had
22 a direct financial interest in the infringing conduct. Specifically, each Defendant had
23 the ability to oversee the development, marketing, and sale of the Valentin Copies,
24 and, Defendants, and each of them, realized profits through their respective
25 obtainment, distribution, and sale of the Valentin Copies.

26     45.    By reason of Defendants', and each of their, acts of contributory and
27 vicarious infringement as alleged above, Baldy has suffered and will continue to
28 suffer substantial damages to her business in an amount to be established at trial, as

1  well as additional actual, general and special damages in an amount to be established
2  at trial.

3  46. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Baldy's rights in the Baldy Original Works. As such, Baldy is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Works, in an amount to be established at trial.

47. Plaintiff is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain overhead when calculating disgorgeable profits.

## THIRD CLAIM FOR RELIEF

(For Violation of the Digital Millennium Copyright Act - Against All Defendants)

48. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

49. Defendants, and each of them, accessed the Baldy Original Works, and the Baldy Original Works bore the artist's name and author information.

50. Defendants, and each of them, removed each of the artist's name and author information, as well as his titles and credits, from the Baldy Original Works, and did not include the artist's name, author, credit, or title information when Defendants, and each of them, exploited, published, marketed, sold, and distributed the Valentin Copies.

51. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are engaging in the acts set forth above, violated 17 U.S.C. §1202 et seq. Defendants, and each of them, violated this statute by intentionally removing the

artist's attribution and copyright management information from the Subject Works and altering the attribution and copyright management information on said works to reflect that one or more of the Defendants authored or owned the works.

52. Defendants, and each of them, engaged in the above acts in creating the infringing works at issue in this case, and then distributed the mislabeled and misattributed copies of these works to the public.

53. Defendants, and each of them, removed and/or altered the attribution and copyright management information and distributed the mislabeled and misattributed copies with knowledge that the copyright management information had been removed or altered without authority of the copyright owner or the law, and distributed and publicly displayed the infringing copies knowing that the copyright management information had been removed or altered without authority of the copyright owner or the law, and knowing, or, with respect to civil remedies under § 1203, having reasonable grounds to know, that the conduct would induce, enable, facilitate, or conceal an infringement of certain rights under this title. In addition, certain of the infringing copies included alterations and manipulations by Defendants, and each of them, that appear to attribute or associate the Baldy Original Works to Defendants, and each of them. These acts further violate §1202.

54. Plaintiff is informed and believe and thereon allege that Defendants, and each of them, knowingly removed and altered the copyright management information on the infringing copies, and knowingly displayed the copies without the copyright management information.

55. Defendants, and each of them, removed the artist's name and identifying material from the Baldy Original Works in violation of this statute before publishing unauthorized copies of the Baldy Original Works to the public.

56. The above conduct is in violation of the Digital Millennium Copyright Act and exposes Defendants, and each of them, to additional and enhanced common

1  law and statutory damages and penalties, including in the form of Plaintiff's costs and
2  attorneys' fees, pursuant to 17 USC § 1203 and other applicable law.
3      57.    Plaintiff is informed and believes and thereon alleges that Defendants,
4  and each of their, conduct as alleged herein was willful, reckless, and/or with
5  knowledge, and Plaintiff resultantly seeks enhanced damage and penalties.

## FOURTH CLAIM FOR RELIEF

(Defamation - Against All Defendants)

8      58.    Plaintiff repeats, realleges, and incorporates herein by reference as
9  though fully set forth, the allegations contained in the preceding paragraphs of this
10 Complaint.
11     59.    Valentin published false and defamatory statements of fact concerning
12 Plaintiff.  The statements caused Plaintiff to be subject to scorn, hatred, ridicule,
13 disgrace, or contempt.
14     60.    The statements were made to third parties to which no privilege applied.
15     61.    Valentin knew that the statements were false and defamatory and/or
16 acted with reckless disregard of the truth or falsity of the statements and/or acted
17 negligently in failing to ascertain the truth or falsity of the statements.
18     62.    Plaintiff suffered damages as a result, consisting of, but not limited to,
19 lost earnings, lost earning capacity, pain and suffering, and impairment to reputation
20 and standing in the community.
21     63.    Valentin acted with actual malice in making the aforementioned
22 statements, entitling Plaintiff to punitive damages.

## FIFTH CLAIM FOR RELIEF

(Intentional Interference with Prospective Economic Advantage - Against All Defendants)

26     64.    Plaintiff repeats, realleges, and incorporates herein by reference as
27 though fully set forth, the allegations contained in the preceding paragraphs of this
28 Complaint.

65. In the two years prior to the date of this Complaint, Plaintiff had economic relationships with third parties with the probability of future economic benefits. These relationships included sales relationships where Plaintiff's works were sold by third parties.

66. Defendants, and each of them, were aware of these relationships and intended to disrupt them.

67. Defendants, and each of them, engaged in the foregoing intentional wrongful acts, including, but not limited to, defamation.

68. Defendants' acts harmed Plaintiff's economic relationships.

69. Plaintiff suffered damages as a result.

70. Defendants' conduct was a substantial factor in causing such harm.

## SIXTH CLAIM FOR RELIEF

(Negligent Interference with Prospective Economic Advantage - Against All Defendants)

71. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

72. In the two years prior to the date of this Complaint, Plaintiff had economic relationships with third parties with the probability of future economic benefits. These relationships included sales relationships where Plaintiff's works were sold by third parties.

73. Defendants, and each of them, knew or should have known of these relationships and knew or should have known that they would be disrupted if Defendants did not act with reasonable care.

74. Defendants, and each of them, failed to act with reasonable care, by, *inter alia*, defaming Plaintiff.

75. Defendants' acts harmed Plaintiff's economic relationships.

76. Plaintiff suffered damages as a result.

77. Defendants' conduct was a substantial factor in causing such harm.

## SEVENTH CLAIM FOR RELIEF

(Violation of California Bus. & Prof. Code § 17200 et seq.)

78. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

79. The aforementioned conduct by Defendants constitutes an unlawful, unfair, or fraudulent business act under California Bus. & Prof. Code § 17200.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Baldy's copyrights in any manner, specifically those for the Baldy Original Works;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement and other acts described herein, the exact sum to be proven at the time of trial;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of Valentin Copies;

d. That Baldy be awarded her costs and attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq. or other authority;

e. That Baldy be awarded her costs and attorneys' fees, as well as exemplary and statutory damages, as available under 17 USC 1203 et seq. or other authority;

f. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Baldy arising from the foregoing acts of infringement;

g. That a trust be imposed over any product, or revenues derived from any usage of the Baldy Original Works;

h. That Plaintiff be awarded damages for pain and suffering and damage to reputation and standing in the community;

i. That Plaintiff be awarded damages for lost profits;

j. That Plaintiff be awarded punitive damages;

k. That Plaintiff be awarded pre-judgment interest as allowed by law;

l.  That Plaintiff be awarded the costs of this action; and

m. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Date:  May 10, 2017            Respectfully Submitted By,

                                           COLT LEGAL GROUP

                                           By:_____
                                               Doug W. Colt
                                               Attorneys for Sherri Baldy