# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOM SCHMIDT,<br>        Plaintiff,<br><br>            v.<br><br>SHERRI ANND BALDY, et al.,<br>        Defendants.<br><br><br>And Related Claims. | CV 16-9368 DSF (AGRx)<br><br>Order re Order to Show Cause re Dismissal and Order Imposing Sanctions |

    By its Order filed November 20, 2018, this Court sanctioned Plaintiff Tom Schmidt for his failure to appear at the Pretrial Conference in the form of Defendant Sherry Annd Baldy's attorney's fees and costs for his appearance.  Schmidt was ordered to pay Baldy's counsel $5,100 in attorney's fees and $655 in costs, for a total of $5,755.  This amount was ordered to be paid no later than December 3, 2018.  Schmidt instead requested reversal of the sanctions order.  Schmidt's excuse for his failure to appear is that Baldy didn't timely submit a mediation brief, which caused the mediation set for November 13, 2018 to be cancelled.  Schmidt states: "Schmidt wanted more time to try and settle this matter."

Since Schmidt began representing himself[1], he has repeatedly acted as if the matter should proceed on his desired schedule rather than the Court's. His preference for a delay is no excuse for his failure to comply with Court orders. The request to reverse the sanctions order is denied. Schmidt must pay the sanctions no later than December 27, 2018.

Schmidt's request to file a motion for summary judgment is denied. The motion hearing deadline expired long ago.

In its November 20 Order, the Court ordered that the parties show cause in writing why the Complaint of Tom Schmidt and the Counterclaim of Sherry Annd Baldy should not be dismissed for failure to prosecute. It noted that the filing of the required pretrial documents by December 3 would be a sufficient response to the Order to Show Cause. The Court also advised that if one or both parties submitted the appropriate pretrial documents, the Court would set a pretrial conference and trial date for that party. Both parties have substantially, though not completely, complied with this requirement. The parties are to meet and confer concerning the pretrial conference date (a Monday at 3 p.m.) and the trial date (a Tuesday at 8:30 a.m.). The Court suggests the parties contact the Court's courtroom deputy clerk, Ms. Fisher, for suggested trial dates. All trial dates are tentative because of the precedence of criminal cases due to the Speedy Trial Act.

---

[1] Schmidt suggests that he no longer has counsel "due to the constant delays of opposing counsel driving up Schmidt's legal expenses with his previous representation." Counsel sought to withdraw because of the failure to pay fees and "unresolvable differences."

If the parties are unable to reach agreement, each party should provide dates when they are **unavailable**.  An explanation should be provided for each date on which a party is unavailable.  The proposed dates or unavailable dates should be submitted no later than December 27, 2018.

   IT IS SO ORDERED.

Date: December 11, 2018

                                          Dale S. Fischer
                                          United States District Judge